[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Steven Walker appeals from the judgment of the trial court convicting him of felonious assault and escape. Following Walker's no-contest plea, the court found Walker guilty of the charges and sentenced Walker to three years' incarceration for the felonious assault and six months' incarceration for escape. The court ordered the sentences to be served concurrently.
Walker was confined in the Pauline Warfield Lewis Center ("the Center") at the time he committed the acts for which he was convicted. He had been confined to remain at the Center following a 1993 judgment in which he was found not guilty by reason of insanity on an unrelated charge.
In his first assignment of error, Walker claims that the trial court improperly ordered that he be returned to the Center following the completion of his three-year sentence. However, the judgment convicting Walker of felonious assault and escape orders Walker's incarceration but makes no order regarding his return to the Center following completion of his prison term. A court speaks only through its journal, and any statement made by the court is of no effect unless journalized. See State v.Keenan (1998), 81 Ohio St.3d 133, 689 N.E.2d 929. In this case, the journalized entry makes no reference to Walker's disposition at the termination of his prison term. Therefore, this court cannot review the trial judge's alleged order to return Walker to the Center following the completion of his incarceration.
In his second assignment of error, Walker claims that the trial court erred by sentencing him to incarceration instead of continuing his confinement at the Center. Walker was found, after psychiatric examination in this case, to be competent to stand trial, and he did not meet the criteria for a plea of not guilty by reason of insanity. The reports of the mental-health experts who examined Walker stated that his mental illness was not active at the time of his escape and his assault of a nurse at the Center.
R.C. 2953.08(A) states, in relevant part, that a defendant who is convicted of a felony that is not a sexually-oriented offense may appeal the sentence imposed on the following grounds: (1) the sentence consisted of or included the maximum prison term allowed; (2) the sentence consisted of a prison term for a fourth- or fifth-degree felony and the court did not make the necessary findings pursuant to R.C. 2929.13(B)(1)(a) through (h); (3) the sentence is contrary to law; or (4) the sentence consisted of an additional ten-year prison term imposed pursuant to R.C. 2929.14(D)(3)(b).
In this case, Walker was convicted of escape, a felony of the fifth degree, and felonious assault, a felony of the second degree. The record demonstrates that the trial court made the necessary findings pursuant to R.C. 2929.13(B) for imposition of a prison term for the felony of the fifth degree, and Walker has not challenged those findings. Accordingly, Walker has no right, under R.C. 2953.08, to appeal the sentence imposed for escape. See R.C. 2953.08(A)(2).
Because the trial court did not impose the maximum prison term for felonious assault, Walker may appeal the sentence imposed by the court only if it is contrary to law. Walker, however, has not challenged his sentence as contrary to law. The sentence imposed is clearly within the sentencing guidelines of R.C. 2929.12 and 2929.13. Rather, Walker claims that the trial court should not have imposed a prison term but should have instead returned him to the Center, where he had been undergoing treatment. Such a claim is not a valid basis for an appeal of the sentence for felonious assault.
Pursuant to R.C. 2953.08, Walker has no right to appeal the sentences imposed. We therefore dismiss the appeal.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and WINKLER, JJ.